*813
ON MOTION FOR REHEARING

STONE, J.
We deny Appellee’s motion for rehearing. However, we withdraw our opinion issued July 23, 2003, and substitute the following:
Balsamo and Sahagian (“Appellants”) appeal a summary judgment entered in favor of Gruppo Ceramiche Ricchetti, S.P.A. (“Appellee”) under Florida’s Uniform Fraudulent Transfers Act. We reverse.
Appellee, a judgment creditor of Building Materials, Inc. (“Building”), brought proceedings supplementary against Appellants and BMI Tile, Inc., seeking to recover the judgment amount of $35,694, plus interest. The complaint alleged that Appellants were officers, directors, and/or shareholders of Building, the judgment debtor, and that Building transferred its assets to BMI Tile in a fraudulent transfer while Building was insolvent.
The summary judgment is based on an accountant’s affidavit stating that Building had a “liquidity problem” in that its “quick ratio” (cash plus receivables divided by payables) was 55%, whereas a solvent company’s “quick ratio” should not be less that 80%.
Appellants filed the affidavits of two accountants in opposition to the motion for summary judgment, disagreeing with Building’s accountant and stating that Building was solvent based on the measurement of stockholder’s equity plus loans from stockholders and considering inventory, current assets, and the fact that Building was paying its debts as they became due.
By its summary judgment order, the trial court found that Building was insolvent at the time of the transfer of its assets and liabilities to BMI Tile, despite the fact that it also found that Building’s assets exceeded its liabilities by $326,749.00, because it was not paying its debts, specifically the Gruppo debt, as they became due. The court held that Building could not, as a matter of law, rebut the insolvency presumption of section 726.106, Florida Statutes, by presenting evidence of balance sheet solvency.
Appellants were, thus, ordered to pay the amount of the original Gruppo debt, $35,694.94, plus interest, plus attorney’s fees and costs. We note that the corporation, BMI Tile, Inc., did not participate in this appeal.
We conclude, however, that summary judgment was improperly entered against Appellants as individuals, in the absence of an order piercing the corporate veil, as the judgment debtor, Building, transferred its assets to BMI Tile and not to Appellants.
We recognize the broad scope allowed in an action under sections 59.29 and 726.102, Florida Statutes. Section 726.102(12) defines “transfer” as, “[e]very mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset....” Here, no matter how broadly the term is defined, no transfer was made to Appellants, individually.
Appellee seeks to impose liability on the ground that the individuals were “insiders” under section 726.106(2). However, the trial court did not determine liability on this basis. Furthermore, there was no evidence that a transfer was ever made to Appellants. Appellants’ status as insiders, taken alone, does not expose them to liability absent proof that the transfer was made to them or that the corporate veil should otherwise be pierced.
As it will impact the case on remand, in the event the trial court subsequently determines that Appellee is enti- *814 tied to pierce the corporate veil to reach Appellants, we also consider whether the trial court erred in entering summary judgment under sections 726.106 and 726.103, Florida Statutes.
Here, the court found that non-payment of the judgment creditor’s debt, alone, triggered the insolvency presumption under 726.103(2) and that the presumption was never rebutted by proof of receipt of reasonably equivalent value for the transfer to BMI Tile. In doing so, it appears that the trial court confused the two factors required under section 726.106(1) to establish a fraudulent transfer with the types of evidence that can be used to rebut the presumption of insolvency under section 726.103(2).
Section 726.106(1) provides that a transfer is fraudulent as to a creditor whose claim arose before the transfer was made “if the debtor made the transfer ... without receiving reasonably equivalent value in exchange for the transfer ... and the debtor was insolvent at the time.... ”
Section 726.103 provides two relevant definitions of insolvency. Section 726.103(1) provides a definition the trial court labels the “balance sheet test.” Under the test, “[a] debtor is insolvent if the sum of the debtor’s debts is greater than all of the debtor’s assets at a fair valuation.” Section 726.103(2) provides that “[a] debtor who is generally not paying his or her debts as they become due is presumed to be insolvent.” Here, issues of fact exist on the issue of Building’s insolvency. The record before us includes affidavits attesting to the solvency of the company based on a comparison of its assets and liabilities. The affidavits further attested that the tax returns showed company profits.
There was also a lack of evidence as to failure to pay debts other than that owed the judgment creditor. In fact, the affidavits attested to timely payment of debts to others. Where the record demonstrates the existence of issues of fact or if different inferences can be reasonably drawn from the uncontroverted facts, then summary judgment is improper as a matter of law. Albelo v. S. Bell, 682 So.2d 1126, 1129 (Fla. 4th DCA 1996).
There is no authority to suggest that balance sheet solvency cannot be used to rebut the presumption of insolvency under section 726.103(2), thereby precluding summary judgment. Section 726.103(2) creates a rebuttable presumption of insolvency. Where failure to pay debts as they are due creates a presumption, such presumption may be logically rebutted by proof that the debtor is not insolvent. This may include proof that the sum of the debtor’s debts is not greater than all of the debtor’s assets or that other debts are being timely paid. When that occurs, summary judgment is precluded as issues of fact exist. See Levin v. Ethan Allen, Inc., 823 So.2d 132 (Fla. 4th DCA 2002)(recognizing that balance sheet test available to rebut insolvency presumption).
Therefore, as the record reflects that issues of fact remain as to the insolvency of Building, the court erred in entering summary judgment. All other issues raised are moot. We remand for further proceedings.
STEVENSON and MAY, JJ., concur.